RECEIVED
IN LAKE CHARLES, LA.

JUL -7 2011

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEFFREY SIMMONS, et al.** | : | **DOCKET NO. 2:10 CV1846** |
| **VS.** | : | **JUDGE MINALDI** |
| **SABINE RIVER AUTHORITY OF LOUISIANA, et al.** | : | **MAGISTRATE JUDGE KAY** |

### ORDER

This Court *sua sponte* reconsiders its earlier Order [Doc. 29] granting the plaintiffs expedited motion for a staying of the filing deadlines concerning the defendants' earlier filed Motion to Dismiss [Doc. 13]. Upon reconsideration and for the reasons discussed below, this Court lifts the stay.

### BACKGROUND

On October 1, 2010, the plaintiffs commenced this lawsuit in the 30th Judicial District Court, Vernon Parish, State of Louisiana. [Doc. 1-4]. The complaint raises various theories of liability against the defendants, including claims brought explicitly under the United State's Constitution. *See, e.g.,* [Doc. 1-4, Complaint, ¶ 17 ("Plaintiffs allege [that defendants] . . . have taken and damaged the real and personal property of the Plaintiffs without just compensation in violation of the *United States* and Louisiana Constitutions") (emphasis added)].

The defendants timely removed this lawsuit to this Court on December 16, 2010, alleging original jurisdiction, in relevant part, under 28 U.S.C. § 1331.[1] Approximately one month later,

---

[1] All non-nominal defendants consented to the removal within the statutorily prescribed time period. [Doc. 1]; Def.'s Opp'n to Remand, Ex. 1, Email from Plaintiffs' Counsel [Doc. 14-1].

1

the plaintiffs filed a Motion to Remand, claiming that this Court lacked subject matter jurisdiction. [Doc. 19].

Two weeks later, the defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(7). [Doc. 13]. Apparently realizing that the defendants' removal was proper and that this Court could exercise jurisdiction to hear this case, the plaintiffs filed a Motion for Leave to File an Amended Petition, seeking to revise their complaint to merely remove all reference to the United States Constitution. [Doc. 16]. Not surprisingly, the plaintiffs maintain their claims alleging violations of the Louisiana Constitution, which largely tracks the language of, and is interpreted consistently with, the United States Constitution. *See, e.g., Mary Moe, L.L.C. v. La. Bd. of Ethics*, 875 So.2d 22, 21-32 (La. 2004); *Smith v. Smith*, 44,663 (La. App. 2 Cir. 8/19/09) 16 So.3d 643.

On the same day, the plaintiffs filed a Motion to Stay Consideration of the Defendants' Motion to Dismiss, requesting expedited consideration. [Docs. 18 & 19]. The basis for the stay, according to the plaintiffs, is that "in the interest of judicial economy[,] . . . this Court should first determine whether it has jurisdiction over this matter prior to consideration of the substantive Motion to Dismiss on the merits."

## LAW & ANALYSIS

Subject matter jurisdiction is generally determined at the time of removal. *See* 28 U.S.C. § 1446; *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Gebbia v. Walmart Stores, Inc.*, 223 F.3d 880, 883 (5th Cir. 2000). Later events, such as a pleading amendment, neither confer nor divest a federal court of its subject matter jurisdiction. *See, e.g., Brown v. Southwestern Bell*, 902 F.2d 1250, 1254-55 (5th Cir. 1990). Since the plaintiffs stated a cause of action arising under the Constitution of the United States, the defendants properly

2

removed the plaintiffs' lawsuit to this Court, and this Court has subject matter jurisdiction.[2] 28 U.S.C. § 1331. Because there is no question that this Court has jurisdiction over this matter, there is no just reason for the stay. Accordingly, it is

ORDERED that this Court's earlier Order granting the plaintiffs' Motion to Stay the deadlines of the defendants' Motion to Dismiss [Doc. 29] is RESCINDED and the Stay is lifted;

IT IS FURTHER ORDERED that the plaintiffs are entitled to 21 days to file an Opposition to the defendants' Motion to Dismiss from the date of this Order, and the defendants will have 14 days to file a Reply to that Opposition.

Lake Charles, Louisiana, this __7__ day of _____July_____ 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] This is not to say that this Court should retain jurisdiction to hear this case. Indeed, in a federal question case, if the plaintiff dismisses the federal claims after removal, the federal court may in its discretion retain or remand the remaining state law claims. 28 U.S.C. § 1367(c); *See, e.g., Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988). Unlike the issue of subject matter jurisdiction, this rule is not mandatory. *See Cohill*, 484 U.S. at 357. Federal subject matter jurisdiction still exists, but a federal court may choose to limit its exercise of jurisdiction after considering the factors outlined in 28 U.S.C. § 1367(c) and weighing the interests of "economy, convenience, fairness, and comity." *Id.* The statement merely notes in passing that this Court has jurisdiction, regardless of any pleading amendment. Whether this Court should continue to exercise its subject matter jurisdiction is currently before the Magistrate Judge.

3